DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
COMMISSIONER OF INSURANCE

Docket No. 58807. Submitted May 4, 1982, at Lansing.—Decided May 17, 1983. Leave to appeal denied, 418 Mich 865.

Plaintiffs, Detroit Automobile Inter-Insurance Exchange and Motorland Insurance Company, were issued a notice of opportunity to show compliance with the Insurance Code. After preliminary conferences, defendant Nancy A. Baerwaldt, the Commissioner of Insurance, designated defendant John R. Schoonmaker, an Insurance Bureau hearing referee, to conduct the hearing. Plaintiffs thereafter requested that an independent hearing officer be appointed. The Commissioner of Insurance denied the plaintiffs' request. Plaintiffs then sought a declaratory judgment in the Ingham Circuit Court. The trial court, Robert H. Bell, J., entered a declaratory judgment ruling that MCL 500.2030(3), the statute regarding the designation of independent hearing officers, is constitutional and that defendants must comply with its provisions. Defendants appeal alleging that the trial court lacked jurisdiction to issue the declaratory judgment and that the trial court incorrectly held the statute to be constitutional. Amicus curiae, the Michigan Association of Administrative Law Judges, filed an appellate brief, by leave of the Court of Appeals, which supported the defendants' position. *Held:*

1. Michigan courts will not review administrative agency decisions except pursuant to the Administrative Procedures Act unless such case is among those extremely rare cases in which review of the agency's final decision or order would not provide an adequate remedy. The mere expense of a litigation does not render a remedy inadequate. Here, it would run counter to the

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 643.
[2] 2 Am Jur 2d, Administrative Law § 595 *et seq.*
[3, 4, 6, 7] 15A Am Jur 2d, Civil Service §§ 5, 10 *et seq.*
[5] 16 Am Jur 2d, Constitutional Law § 88 *et seq.*
[8] 4 Am Jur 2d, Appeal and Error § 197.
  5 Am Jur 2d, Appeal and Error § 760.

policies underlying the doctrine to require the exhaustion of administrative remedies since the very harm which plaintiffs seek to avoid would inevitably occur if plaintiffs are required to proceed with a potentially useless hearing before being allowed to challenge the legal authority of defendant Schoonmaker to conduct the hearing. The trial court correctly granted leave in this case.

2. This case presented a unique constitutional question which merited interlocutory review.

3. The independent hearing officers envisaged by MCL 500.2030(3) would provide "personal services" within the meaning of Const 1963, art 11, § 5. The use of such hearing officers is constitutional provided that disbursements for their services are approved by the Civil Service Commission.

4. Permitting the use of contractual personal services where it is neither feasible nor practical to establish a classified position to perform the required service, subject to Civil Service Commission approval, implements the intention of Const 1963, art 11, § 5 of discontinuing the "spoils system".

5. MCL 500.2030(3) is directed at the Commissioner of Insurance, not at the Civil Service Commission. The procedure provided therein for the selection of independent hearing officers in no way conflicts with the Civil Service Commission's constitutional right to approve or disapprove the disbursements for these personal services.

6. Since the Attorney General declined to certify the rules for the qualifications of the independent hearing officers promulgated by the Commissioner of Insurance, the case did not proceed to a point where the Civil Service Commission was to decide whether or not to approve the disbursements for the hearing officers. The Court of Appeals did not presume that the commission would necessarily refuse the disbursement request and, therefore, affirmed the trial court's holding that MCL 500.2030(3) is constitutional.

7. Under the constitution, only the Civil Service Commission, and not the Attorney General, the Legislature or the Court of Appeals, is to determine whether or not a request by the Commissioner of Insurance for an independent hearing officer is to be granted.

8. The Court of Appeals did not address additional issues raised by the amicus curiae since the parties to the case control the issues and the Court of Appeals need address only the issues raised by the parties.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — ADMINISTRATIVE PROCEDURES ACT — ADEQUACY OF REMEDIES — EXPENSE OF LITIGATION.

Michigan's courts will not review administrative agency decisions, except in extremely rare cases, other than pursuant to the Administrative Procedures Act; among those extremely rare cases are cases in which review of the agency's final decision or order would not provide an adequate remedy; the mere expense of a litigation does not render a remedy inadequate.

2. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — JUDICIAL CONSIDERATION — ADEQUACY OF REMEDIES — POLICY.

The exhaustion of administrative remedies may not be required prior to judicial consideration of an administrative agency's decision where a review of the agency's final decision would not provide an adequate remedy and would run counter to the policies underlying the doctrine of exhaustion of administrative remedies.

3. CONSTITUTIONAL LAW — CIVIL SERVICE COMMISSION — CONTRACTUAL PERSONAL SERVICES — CLASSIFIED CIVIL SERVICE.

The Civil Service Commission possesses the authority to provide for contractual personal services; the commission's right to approve or disapprove disbursements for all personal services is not limited to the classified civil service (Const 1963, art 11, § 5).

4. CONSTITUTIONAL LAW — INDEPENDENT HEARING OFFICERS — INSURANCE — PERSONAL SERVICES — CIVIL SERVICE COMMISSION.

The independent hearing officers envisaged by the insurance statute regarding the designation of hearing officers provide personal services within the meaning of the constitution's clause which provides the Civil Service Commission with the right to approve or disapprove disbursements for all personal services; the use of such hearing officers is constitutional provided that the disbursements for their services are approved by the Civil Service Commission (Const 1963, art 11, § 5; MCL 500.2030[3]; MSA 24.12030[3]).

5. CONSTITUTIONAL LAW — COURT OF APPEALS — INTERPRETATION OF AMENDMENTS.

The Court of Appeals, in interpreting a constitutional amendment, may examine the amendment's historical context and the arguments employed by its proponents.

6. CONSTITUTIONAL LAW — ADMINISTRATIVE LAW — INSURANCE — INDEPENDENT HEARING OFFICERS — CIVIL SERVICE COMMISSION — CONTRACTUAL PERSONAL SERVICES.

The Legislature, in enacting the insurance statute regarding the designation of independent hearing officers, did not divest the Civil Service Commission of its authority to approve or disapprove of contractual personal services; the procedure provided in such statute in no way conflicts with the Civil Service Commission's constitutional right to approve or disapprove the disbursements for the personal services of the independent hearing officers (Const 1963, art 11, § 5; MCL 500.2030[3]; MSA 24.12030[3]).

7. CONSTITUTIONAL LAW — CIVIL SERVICE COMMISSION — COMMISSIONER OF INSURANCE — INDEPENDENT HEARING OFFICERS.

The constitution provides that only the Civil Service Commission, not the Attorney General, the Legislature or the Court of Appeals, is to determine whether or not a request by the Commissioner of Insurance for an independent hearing officer is to be granted (Const 1963, art 11, § 5; MCL 500.2030[3]; MSA 24.12030[3]).

8. APPEAL — ISSUES — PARTIES — AMICUS CURIAE.

The parties to a case have control over the issues, therefore, the Court of Appeals need only address the issues raised by the parties and may decline to address additional issues raised in the appeal by amicus curiae.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy* and *M. Teresa D'Arms),* and *Forrest G. Shaw,* General Counsel, of counsel, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Louis J. Porter,* Assistants Attorney General, for defendants.

Amicus Curiae:

Michigan Association of Administrative Law Judges (by *James F. Finn).*

Before: Bronson, P.J., and R. M. Maher and R. J. Snow,* JJ.

R. J. Snow, J. Defendants appeal as of right from the trial court's declaratory ruling that MCL 500.2030(3); MSA 24.12030(3) of the Insurance Code of 1956 is constitutional and that defendants must comply with its provisions.

On March 6, 1981, plaintiffs were issued a notice of opportunity to show compliance with the Insurance Code. After preliminary conferences, the Commissioner of Insurance designated defendant John R. Schoonmaker, an Insurance Bureau hearing referee, to conduct the hearing. On May 1, 1981, plaintiffs formally requested that an independent hearing officer be appointed pursuant to MCL 500.2030(3); MSA 24.12030(3), which states:

"(3) The commissioner or his designate shall preside over the hearing, except that an independent hearing officer shall be designated by the commissioner if requested by the person who is the subject of the proceedings. The independent hearing officer shall be selected by the commissioner from a list of individuals submitted by the American arbitration association qualified to conduct hearings on behalf of the commissioner. A list of the individuals shall be maintained by the commissioner and shall be compiled pursuant to rules promulgated by the commissioner. The rules shall set forth the qualifications, criteria, and procedures to be utilized in the compilation of the list of independent hearing officers. The person subject to the proceedings may exercise 1 peremptory dismissal of the hearing officer selected, if exercised within 20 days after notification."

In accordance with this subsection, the Commissioner of Insurance had earlier submitted to the Attorney General for approval proposed rules pro-

* Circuit judge, sitting on the Court of Appeals by assignment.

viding for the qualifications, criteria and procedures to be used by the American Arbitration Association (AAA) in preparing a list of independent hearing officers and to be used by the commissioner in selecting an officer from that list. The Attorney General declined to certify the rules because he found MCL 500.2030(3); MSA 24.12030(3) to unconstitutionally conflict with Const 1963, art 11, § 5. OAG, 1979-1980, No 5821, p 1100 (December 5, 1980).

On May 6, 1981, defendant Commissioner of Insurance denied plaintiffs' request for the appointment of an independent hearing officer, relying on the Attorney General's opinion. Plaintiffs sought a declaratory judgment in Ingham County Circuit Court. On July 9, 1981, a declaratory judgment was entered, the trial court ruling that MCL 500.2030(3); MSA 24.12030(3) did not violate Const 1963, art 11, § 5. Defendants appeal from this ruling, arguing both that the trial court lacked jurisdiction to issue the declaratory judgment and that the trial court incorrectly held the statute to be constitutional. Amicus curiae Michigan Association of Administrative Law Judges has filed, by leave of this Court, an appellate brief supporting defendants' position.

Defendants first argue that because plaintiffs sought the declaratory judgment before exhausting their administrative remedies the trial judge did not have jurisdiction to issue the declaratory judgment. In all but extremely rare cases, Michigan courts will not review administrative agency decisions except pursuant to the Administrative Procedures Act. *Superx Drugs Corp v State Board of Pharmacy (On Rehearing)*, 375 Mich 314, 320; 134 NW2d 678 (1965).

Among those extremely rare cases are cases in

which review of the agency's final decision or order would not provide an adequate remedy. MCL 24.301; MSA 3.560(201). Defendants argue that plaintiffs had an adequate remedy under the act because plaintiffs could have obtained judicial review pursuant to Const 1963, art 6, § 28 after the Commissioner of Insurance had reviewed the hearing examiner's (John Schoonmaker's) decision. If plaintiffs prevailed in the courts, plaintiffs would then be entitled to a new proceeding before an independent hearing examiner followed by a second review by the commissioner.

While we agree with defendants that mere litigation expense does not render a remedy inadequate,[1] we believe that the trial court correctly granted leave in this case. In *International Business Machines Corp v Dep't of Treasury*, 75 Mich App 604, 610; 255 NW2d 702 (1977), *lv den* 401 Mich 816 (1977), this Court stated:

"Exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration, however, and will not be required if review of the agency's final decision would not provide an adequate remedy, MCL 24.301; MSA 3.560(201), *i.e.,* if it would run counter to the policies which underlie the doctrine. That is the case here. Plaintiff's suit seeks to avoid the expenses of litigation and disclosure which would be incurred by submitting to the agency's procedures for redetermination. The very harm that plaintiff seeks to avoid would inevitably occur if plaintiff were required to exhaust administrative remedies before access to judicial review. Moreover, the issue of the agency's statutory authority is clearly framed for the court. Extensive fact findings are unnecessary, and the decision does not demand special technical expertise."

[1] *Farmers State Bank of Concord v Dep't of Commerce, Financial Institutions Bureau,* 77 Mich App 313; 258 NW2d 496 (1977), *lv den* 402 Mich 864 (1978).

As in *IBM,* this case presents no issue of facts requiring the application of agency expertise, the issue of the agency's statutory authority was clearly framed for the circuit court, and findings of fact were unnecessary. To require exhaustion of administrative remedies would run counter to the policies underlying the doctrine because the very harm plaintiffs seek to avoid would inevitably occur if plaintiffs are required to proceed with a potentially useless hearing before being allowed to challenge the legal authority of defendant Schoonmaker to conduct the hearing.

We also note that this case presented a unique constitutional question which merited interlocutory review. Defendants correctly argue that such review, even of only constitutional claims, would disrupt effective law enforcement because almost every administrative proceeding potentially involves some constitutional question. However, very few constitutional questions arise because an administrative agency refuses to comply with a statute despite the absence of a judicial determination that the statute is constitutionally invalid. Allowing interlocutory review in such cases will have an extremely limited disruptive potential.

Defendants next argue that MCL 500.2030(3); MSA 24.12030(3) violates Const 1963, art 11, § 5 because it precludes the Civil Service Commission from classifying the position of "independent" hearing officer and from filling the position on the basis of merit and competitive examinations. Defendants claim the Civil Service Commission is required to perform these duties by the following language in Const 1963, art 11, § 5:

"Sec. 5. The classified state civil service shall consist of all positions in the state service except those filled by popular elections, heads of principal departments, mem-

bers of boards and commissions, the principal executive officer of boards and commissions heading principal departments, employees of courts of record, employees of the legislature, employees of the state institutions of higher education, all persons in the armed forces of the state, eight exempt positions in the office of the governor, and within each principal department, when requested by the department head, two other exempt positions, one of which shall be policy-making. The civil service commission may exempt three additional positions of a policy-making nature within each principal department.

\* \* \*

"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service.

\* \* \*

"No payment for personal services shall be made or authorized until the provisions of this constitution pertaining to civil service have been complied with in every particular. Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the state."

Superficially, the requirement of an independent hearing officer may be read as not being in harmony with the constitution because the position is not one of the exceptions enumerated in art 11, § 5. However, defendants have never claimed that all persons paid by the Civil Service Commission must be either members of the classified civil service or specifically excepted by the constitution.

In fact, in arguing against the independent hearing officers, defendants rely on Civil Service Commission Rule 16.6 which specifically permits contractual personal services by nonclassified and nonexempted personnel:

"Contractual Personal Service.—An appointing authority may request the use of contractual personal services upon a satisfactory showing that it is not feasible or practical to establish a classified position to perform the required personal service. Approval or disapproval for the use of such contractual personal services shall be in accordance with regulations issued by the state personnel director."

Furthermore, we agree that the Civil Service Commission possesses the authority to provide for such contractual personal services. Among the rights and duties enumerated in art 11, § 5 is the right to "approve or disapprove disbursements for all personal services". This right, like the right to make "rules and regulations covering all personnel transactions", is not limited to the "classified civil service". We believe that the independent hearing officers envisaged by MCL 500.2030(3); MSA 24.12030(3) would provide "personal services" within the meaning of this clause, and that, provided disbursements for their services are approved by the Civil Service Commission, use of such hearing officers is constitutional.

In interpreting this constitutional amendment, we must examine its historical context and the arguments employed by its proponents. *Civil Service Comm v Auditor General,* 302 Mich 673, 681; 5 NW2d 536 (1942). One of the primary reasons for the civil service amendment was to discontinue the "spoils system", under which public employment was the reward for political work. Permit-

ting the use of contractual personal services where it is neither feasible nor practical to establish a classified position to perform the required service, subject to Civil Service Commision approval, implements this intention. Approval or disapproval of the personal services remains with the Civil Service Commission.

On the facts before us, the Legislature has not attempted to divest the Civil Service Commission of this authority. MCL 500.2030(3); MSA 24.12030(3) is directed at the Commissioner of Insurance, and not at the Civil Service Commission. It requires the commissioner to first promulgate rules for the qualifications of independent hearing officers and then to submit these rules to the American Arbitration Association. Once the AAA has compiled a list of qualified candidates, the commissioner is then required to select the independent hearing officer from this list if requested to do so by the person subject to the hearing. To this point, the procedure in no way conflicts with the Civil Service Commission's constitutional right to approve or disapprove the disbursements for these personal services.

Because the Attorney General declined to certify the rules for the qualifications of the independent hearing officers promulgated by the Commissioner of Insurance, this case has not proceeded to the point where the Civil Service Commission is to decide whether or not to approve the disbursements for the hearing officers. We will not presume from a silent record that the Civil Service Commission will necessarily refuse the disbursement request. We therefore affirm the trial court's holding that MCL 500.2030(3); MSA 24.12030(3) is constitutional.

Furthermore, we decline to address the numer-

ous factual arguments raised by defendants and amicus curiae concerning the ability of hearing officers presently employed by the state to perform the statutory functions of the independent hearing officers. Under the constitution, only the Civil Service Commission, and not the Attorney General, the Legislature or this Court, is to determine whether or not a request by the Commissioner of Insurance for an independent hearing officer is to be granted.

We do not address the additional issues raised by amicus curiae. Under Michigan practice, the parties to the case have control over the issues and this Court need address only the issues raised by them. *Union Steam Pump Sales Co v Secretary of State,* 216 Mich 261, 263; 185 NW 353 (1921); *Grand Rapids v Consumers Power Co,* 216 Mich 409, 415; 185 NW 852 (1921).

Affirmed. No costs, a public question being involved.