INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA v CIVIL SERVICE COMMISSION

Docket No. 189248. Submitted February 18, 1997, at Detroit. Decided May 9, 1997, at 9:30 A.M. Leave to appeal sought.

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its affiliated Local 6000, and The American Federation of State, County and Municipal Employees, AFL-CIO, and its affiliated Michigan Council 25, brought an action in the Wayne Circuit Court against the Michigan Civil Service Commission, the Michigan Department of Civil Service, and the State of Michigan, alleging that the commission acted in violation of Const 1963, art 11, § 5 in promulgating Civil Service Commission Rule 4-6.3(D), which provides that a department can enter into a personal services contract with an independent contractor where there would be a substantial savings to the state over the life of the contract when compared with having the same services performed by state employees in classified service, and Personal Services Procedure No. 1, Guideline 6(A).3, which provides for the securing of temporary full-time services from an independent contractor where the funding for those services will not continue for more than thirty-six months. The court, Edward M. Thomas, J., granted summary disposition for the defendants, finding that there was no genuine issue of material fact and that the defendants were entitled to a judgment as a matter of law. The plaintiffs appealed.

The Court of Appeals *held*:

1. The promotion of long-term substantial economic savings to the state is consistent with the intent of Const 1963, art 11, § 5. Accordingly, given the Civil Service Commission's plenary powers within its sphere of authority, the commission properly exercised its authority in promulgating Rule 4-6.3(D) so as to promote long-term savings to the state through the use of independent contractors where the use of such contracted services, over the life of the contract, would produce substantial saving when compared to having the same services provided by members of classified service.

2. Given the plenary power of the Civil Service Commission with respect to contracts for personal services and the fact that con-

tracts with independent contractors for services that will be of limited duration will promote a goal of making the jobs of classified civil service employees career opportunities, the commission by its promulgation of Guideline 6(A).3 did not violate the meaning and intent of Const 1963, art 11, § 5.

Affirmed.

CIVIL SERVICE — INDEPENDENT CONTRACTORS — TEMPORARY POSITIONS.

The Civil Service Commission acted within its plenary powers when it adopted a guideline under which requests by state departments for temporary full-time services by independent contractors could be approved upon a showing that the funding for the temporary services would be limited to no more than thirty-six months (Civil Service Commission Personal Services Procedure No. 1, Guideline 6[A].3).

*Scheff & Washington* (by *George B. Washington*), for the plaintiffs.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas C. Nelson*, Assistant Attorney General, for the defendants.

Before: HOOD, P.J., and GRIBBS and S. J. LATREILLE* , JJ.

PER CURIAM. Plaintiffs appeal as of right an order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendants in this case challenging the constitutionality of policies implemented by defendant Michigan Civil Service Commission. We affirm.

On appeal, plaintiffs argue that the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendants because the commission acted in violation of Const 1963, art 11, § 5 in its promulgation and application of Civil Service Commission Rule 4-6.3(D) and Personal Services Proce-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dure No. 1, § 6(A), Guideline 6(A).3. We disagree. A trial court's determination of a motion for summary disposition is reviewed de novo on appeal. *Western Michigan Univ Bd of Control v Michigan*, 212 Mich App 22, 25; 536 NW2d 609 (1995). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) may be granted when, except with regard to damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *WMU Bd of Control, supra* at 24. A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Kentwood Public Schools v Kent Co Ed Ass'n*, 206 Mich App 161, 164; 520 NW2d 682 (1994).

Plaintiffs contend that Rule 4-6.3(D) undermines the intent of Const 1963, art 11, § 5, by permitting the unbridled utilization of independent contractors for state services previously performed by classified civil servants.[1] Rule 4-6.3 reads in pertinent part:

STANDARDS FOR APPROVING REQUESTS. A request may be approved by the department only if it determines that the personal services meet one or more of the standards below:

\*       \*       \*

D. The defined services would be performed at substantial savings to the state over the life of the contract when compared with having the same level of services performed by the classified service. The services do not meet this standard if, despite the savings over the life of the contract, substantial savings would not likely be realized over the

---

[1] We note that plaintiffs do not raise any claim concerning individual employees who have been adversely affected by this rule and that there are administrative remedies available in the event any classified employee is aggrieved by application of the rule.

> long term. Savings are "substantial" if the contract for personal services results in average annual savings equal to or greater than the minimum required savings computed using the table below . . . .

In 1985, another panel of this Court considered, and rejected, an identical claim challenging a previous version of Rule 4-6.3(D). *Michigan State Employees Ass'n v Civil Service Comm*, 141 Mich App 288, 292; 367 NW2d 850 (1985). In *MSEA, supra* at 293, this Court upheld the constitutionality of the challenged rule, reasoning that the commission possesses plenary power in the sphere of contractual personal services and that the promotion of long-term substantial economic savings to the state is consistent with the intent of Const 1963, art 11, § 5. Given the extent of the commission's authority, as well as the fact that this rule, like its predecessor, permits the utilization of independent contractors only in instances of substantial savings to the state, we fail to see how the commission acted unconstitutionally in its adoption and promulgation of Rule 4-6.3(D).

Plaintiffs also argue that Personal Services Procedure No. 1, § 6(A), Guideline 6(A).3 undermines the intent of Const 1963, art 11, § 5. The guideline reads:

> Temporary full-time services may be approved under this standard if funding for the services will not continue beyond 36 months. For purposes of this analysis, the appointing authority must provide particularized proof that the specific funding, and the services to be provided, are limited to no more than 36 months. For example, a specific program with a sunset provision within 36 months may meet this standard. Approval under this guideline is limited to services which are intended to be limited duration, temporary services which meet a particularized, limited duration need. This guideline does not authorize approval of (a)

renewal of a request for services previously approved under this guideline, (b) a request for services based on general uncertainty about future funding, or (c) a request for services which are likely to be provided indefinitely even though the funding is limited to less than 36 months.

In 1983, another panel of this Court determined that "[o]ne of the primary reasons for the civil service amendment was to discontinue the 'spoils system', under which public employment was the reward for political work." *DAIIE v Comm'r of Ins*, 125 Mich App 702, 711; 336 NW2d 860 (1983). To that end, this Court has long recognized that the Civil Service Commission possesses the plenary authority to provide for contractual personal services. *MSEA, supra* at 293; *DAIIE, supra* at 711. Specifically, the commission has the right to "approve or disapprove disbursements for all personal services." Const 1963, art 11, § 5; *DAIIE, supra*. This right, like the right to make "rules and regulations covering all personnel transactions," is not limited to the sphere of classified civil service positions. *Id*. Accordingly, we conclude that the commission's promulgation of Guideline 6(A).3 is a natural extension of its recognized power. Guideline 6(A).3 furthers the intent of Const 1963, art 11, § 5 by limiting the situations in which the commission may utilize independent contractors. The guideline expressly states that the commission may approve "temporary" personal service contracts "if funding . . . will not continue beyond 36 months," and, in effect, impliedly mandates the creation of civil service positions in those instances when funding for the required services will exceed thirty-six months. We particularly note that Guideline 6(A).3 does not prohibit the utilization of classified civil servants for the performance

of "temporary" services when such use is more cost-efficient. Again, given the extent of the commission's power in the sphere of personal services contracts and the fact that Guideline 6(A).3 promotes career civil service, we fail to see how the commission acted unconstitutionally in its adoption and promulgation of Guideline 6(A).3. Because plaintiffs failed to demonstrate a material factual dispute regarding the constitutionality of Rule 4-6.3(D) and Guideline 6(A).3, we affirm the trial court's grant of summary disposition in favor of defendants.

Affirmed.