MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL INSURANCE COMPANY v KARR

Docket Nos. 200274, 200276. Submitted October 9, 1997, at Marquette. Decided February 13, 1998, at 9:05 A.M.

Michigan Educational Employees Mutual Insurance Company brought an action in the Marquette Circuit Court against Calvin E. Karr, Jayne H. Mohr, Richard L. Aho, Cindy L. Aho, John L. Rolando, and Jerry Elmblad, seeking a declaration that, under a homeowner's insurance policy covering Karr and Mohr, it had no duty to defend and indemnify them against an action by the Ahos and Rolando. Karr and Mohr had sold a house to the Ahos and Rolando. In their action, the Ahos and Rolando had alleged that Karr and Mohr negligently misrepresented the condition of the house, which the buyers alleged had leaks and structural problems. The court, James M. Collins, J., granted summary disposition for the plaintiff, ruling that the policy, which provided that the plaintiff had to defend Karr and Mohr against any claim brought for "property damage caused by an occurrence," provided no coverage to Karr and Mohr with respect to the action against them. Karr and Mohr appealed and the Ahos and Rolando appealed. The appeals were consolidated.

The Court of Appeals *held*:

Assuming that Karr and Mohr's failure to properly inspect their house was negligent and was an "occurrence" within the meaning of the policy, that occurrence could not have caused the property damage that the Ahos and Rolando alleged in their complaint because the property damage, consisting of long-existing problems with the house, preceded the occurrence.

Affirmed.

INSURANCE — DUTY TO DEFEND.

An insurer's duty to defend its insured against an action by a third party does not depend solely on the terminology used in the third party's pleading; the allegations are examined to determine the substance of the complaint because the proper focus is on the basis for the injury, not the nomenclature used in the third party's complaint.

*Swanson & Dettmann* (by *Darrell R. Dettmann*), for Michigan Educational Employees Mutual Insurance Company.

*Kendricks Bordeau, P.C.* (by *Ronald D. Keefe*), for Calvin E. Karr and Jayne M. Mohr.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Roger W. Zappa*), for Richard L. Aho, Cindy L. Aho, and John A. Rolando.

Before: Mᴜʀᴘʜʏ, P.J., and Hᴏᴏᴅ and Bᴀɴᴅsᴛʀᴀ, JJ.

Bᴀɴᴅsᴛʀᴀ, J. In these consolidated cases involving plaintiff's duty to defend defendants Calvin E. Karr and Jayne H. Mohr under a homeowner's insurance policy, defendants appeal as of right from a trial court order granting summary disposition to plaintiff pursuant to MCR 2.116(C)(10) (no genuine issue with respect to any material fact). We affirm.

Defendants Calvin E. Karr and Jayne H. Mohr were insured under a homeowner's insurance policy issued by plaintiff. Defendants Richard L. Aho, Cindy L. Aho, and John A. Rolando ("buyers") purchased a house in Marquette, Michigan, from defendants Karr and Mohr ("sellers"). After taking possession, buyers sued sellers, claiming that the roof and garage leaked and that there were structural problems with the home. Buyers alleged that sellers had negligently misrepresented the condition of the home in a disclosure statement and through representations made by their agent, a realty company. Plaintiff undertook a defense of sellers under a reservation of rights agreement. Plaintiff then brought this declaratory judgment action, seeking a determination that sellers' homeowner's insurance policy did not cover the claims asserted by buy-

ers and that plaintiff had no duty to defend the suit or to indemnify sellers.

Sellers argue that the trial court erred in granting summary disposition, maintaining that the allegations in buyers' underlying complaint were sufficient to trigger plaintiff's duty to defend sellers in the underlying lawsuit. We review the trial court's determination of a motion for summary disposition de novo on appeal. *UAW v Civil Service Comm*, 223 Mich App 403, 405; 566 NW2d 57 (1997).

Under the insurance policy, plaintiff is required to defend sellers with respect to any claim brought for "property damage caused by an occurrence." Whether plaintiff has a duty under this language to defend sellers depends upon the allegations in the complaint filed by buyers. *Fitch v State Farm Fire & Casualty Co*, 211 Mich App 468, 471; 536 NW2d 273 (1995). However, "an insurer's duty to defend . . . does not depend solely upon the terminology used in a plaintiff's pleadings. Rather, 'it is necessary to focus on the basis for the injury and not the nomenclature of the underlying claim in order to determine whether coverage exists. . . . [S]o must the allegations be examined to determine the substance, as opposed to the mere form, of the complaint.' " *Allstate Ins Co v Freeman*, 432 Mich 656, 662-663; 443 NW2d 734 (1989), quoting *Illinois Employers Ins of Warren v Dragovich*, 139 Mich App 502, 507; 362 NW2d 767 (1984).

Relying principally on *Western Casualty & Surety Group v Coloma Twp*, 140 Mich App 516; 364 NW2d 367 (1985), sellers argue that the "occurrence" in the present case is their alleged negligent failure to reasonably inspect and make disclosures regarding the

condition of the house and that, as a result, buyers experienced problems with the house as alleged in their complaint. In *Western Casualty*, the insured was a township whose building inspector allegedly negligently failed to properly inspect a home during its construction. The insurance policy at issue had the same "caused by an occurrence" language at issue in the present case. *Id.* at 519. Suit was brought by the purchasers of the home who claimed that various problems with the home were the result of the negligent inspection. *Id.* To determine whether the insurance company had a duty to defend the underlying action, our Court concentrated on whether there was a sufficient causal connection between the alleged failure to properly inspect and the problems experienced by the purchasers. *Id.* at 523. Our Court reasoned that, under state law, the township and its inspector had the right and duty to issue a permit for home construction only if the plans and specifications complied with state law and other applicable laws and ordinances, to periodically inspect construction to ensure compliance with those laws and ordinances, to stop construction if any violation occurred, and to issue a certification of occupancy only if the work covered had been performed in accordance with the permit, laws, and ordinances. *Id.* at 522-523. Accordingly, "the causal nexus between the alleged improper inspection process and the property damage exists because, had the inspection been properly performed, the [work] would have been prevented from continuing to the next phase of construction until corrections had been made." *Id.* at 523.

Applying the *Western Casualty* reasoning to the facts of this case, we conclude that the trial court

properly granted summary disposition in plaintiff's favor.[1] Unlike the buyers in *Western Casualty*, buyers here do not allege that, had the sellers properly inspected the home, property damages would have been avoided. In fact, buyers do not even allege that sellers' failure to properly inspect the home preceded the defective conditions about which they complain. The gist of their allegations is quite the opposite, i.e., that sellers' negligent inspection failed to uncover problems with the property that had long existed.[2] Viewing the substance of buyers' complaint, we conclude that they allege no property damage "caused by" sellers' alleged failure to inspect. Accordingly, under the insurance policy, plaintiff was under no duty to defend sellers in the underlying action.

Because we are affirming the trial court's grant of summary disposition to plaintiff, we need not address plaintiff's other assertion that no duty to defend existed under the insurance policy based on an exclusionary clause contained in the policy.

We affirm.

---

[1] Although we express no opinion regarding the trial court's reasoning that plaintiff had no duty to defend sellers because there was no "occurrence," we conclude that there was no duty to defend for a different reason, as stated below. We will not reverse when the trial court reaches the correct result regardless of the reasoning employed. *Zimmerman v Owens*, 221 Mich App 259, 264; 561 NW2d 475 (1997).

[2] Even though these problems may have continued after the negligent inspection as buyers allege, that would not establish causation. The fact still remains that the problems preceded and were thus the result of factors, probably relating to how the home was built, that occurred long before the negligent inspection.