STEED v. COVEY.

1. PLEADING—COURT RULES.
   The court rules contemplate that declarations and answers shall be as brief as reasonably possible without averments of matters of evidence, facts of which judicial notice may be taken, or extraneous matters not necessary to be proved, except when specially required by statute or rule (Court Rule No 17, §§ 7, 9 [1945], as amended).

2. CONSPIRACY—ACTS OF ONE CONSPIRATOR CHARGEABLE TO ALL PARTICIPANTS.
   The acts of one conspirator in the course of a conspiracy and made for the purpose of accomplishing its objective are chargeable to all participants therein.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 73 et seq.
[2] 11 Am Jur, Conspiracy § 48.
[3] 41 Am Jur, Pleading § 73 et seq.
[4] 11 Am Jur, Conspiracy § 55.
[5] 14 Am Jur, Costs § 93.

3. PLEADING—PURPOSE OF DECLARATION—ANTICIPATION OF DEFENSE.

The chief object of a declaration is to apprise the opposite party of the cause of action and the claims of the plaintiff and the declaration should contain a direct and positive averment of all the ultimate facts, as distinguished from evidentiary facts, necessary to state a cause of action in the plaintiff's favor and against the defendant, and while it must be sufficient to inform the defendant of the charge so as to enable him to prepare his defense, it need not anticipate matters of defense which the defendant may possibly set up (Court Rule No 17, §§ 7, 9 [1945], as amended).

4. FRAUD—CONSPIRACY—PLEADING.

Declaration in action for conspiracy and fraud in connection with sale of real estate containing a restaurant business *held*, sufficient to apprise defendants as to whom case was dismissed by trial court of plaintiff's claim as to removal of electric signs, representations as to success of the business conducted thereon and as to the heating and ventilation equipment, that such representations were false, relied upon by plaintiff to her substantial damage, but should have been made more certain in respect to when and by whom the representations were made and nature of relationship between each of the defendants and acts of each in carrying out the alleged conspiracy (Court Rule No 17, §§ 7, 9 [1945], as amended).

5. COSTS—PLEADING—REMAND—AMENDMENT OF DECLARATION.

No costs are allowed appellant upon reversal of decree dismissing action for fraud and conspiracy as to 2 of 4 defendants, where plaintiff is required on remand to file an amended declaration that is more certain, definite and complete (Court Rule No 17, § 9 [1945], as amended).

Appeal from Wayne; Toms (Robert M.), J. Submitted January 13, 1959. (Docket No. 59, Calendar No. 47,948.) Decided February 20, 1959.

Case by Bessie C. Steed against Kenneth Covey, Doris J. Covey, D. Wayne Hackett and Stella Hackett, doing business as Gold Cup Service Gas Station and, also, doing business as Hackett Motel, for damages arising from representation inducing purchase of business. On motion, declaration and cause dismissed as to defendants Hackett. Plaintiff appeals. Reversed and remanded.

*Hugh K. Davidson* and *Roy A. McGinty,* for plaintiff.

*Milton Y. Zussman,* for defendants Hackett.

CARR, J. This action for damages, based on alleged fraudulent representations concerning certain property, was instituted by summons issued from the circuit court of Wayne county on November 20, 1957. The declaration was filed December 19th following. Defendants Covey filed answer, with notice of counterclaim. On behalf of defendants Hackett motion to dismiss the declaration was submitted, asserting that the pleading was "ambiguous and fails to distinguish as between the parties hereto; fails to set forth what written instruments as were entered into by and between the parties hereto; fails to set forth who entered into the said written instruments and fails to state any cause of action whatsoever against defendants, D. Wayne Hackett and Stella Hackett."

A written statement designated as an affidavit was filed in support of the motion, alleging the execution of a lease by defendants Hackett, as lessors, to the plaintiff, covering certain premises in Washtenaw county, Michigan, and further asserting that they did not sell any equipment or engage in the sale of any business, and that they made no representations other than those set forth in the lease. It was further alleged that plaintiff vacated the premises without notifying defendants Hackett. Whether the statement filed was given consideration does not appear.

Presumably for the reasons set forth in the motion an order was entered by the trial court dismissing the case against defendants Hackett, with prejudice, but without costs. Plaintiff has appealed on the ground that such order was erroneously en-

tered. It is urged on behalf of appellant that the declaration sufficiently set forth the essentials of her cause of action, and that she should be permitted to go to trial against all the defendants.

The motion to dismiss the declaration was filed in accordance with Michigan Court Rule No 17, § 7 (1945), which reads as follows:

"Demurrers are abolished, and whenever any pleading at law or in equity is deemed to be insufficient in substance, a motion to dismiss or to strike or for judgment on the pleading may be made, or the objection may be made in the answer or reply, and whenever any such pleading is deemed to be indefinite, uncertain or incomplete, a further and better statement of the nature of the claim or defense or further and better particulars of any matter stated in any pleading may be ordered on motion, upon such terms in any case, as to costs and otherwise, as may be just."

Section 9 of Rule No 17, as amended, effective April 1, 1953 (335 Mich lxii), further provides that the trial court may upon its own motion, whenever any pleading is deemed indefinite, uncertain or incomplete, require the filing of an amended pleading. In accordance with said rule all pleadings must contain a statement of the facts on which the party filing same relies in presenting his cause of action or defense. It is contemplated that declarations and answers shall be as brief as reasonably possible without averments of matters of evidence, facts of which judicial notice may be taken, or extraneous matters not necessary to be proved, except when specially required by statute or rule.

The question presented is whether plaintiff's declaration in the instant case is in substantial compliance with the provisions of the court rule cited. It is alleged therein that on or about the 2d of July, 1957, the defendants were the owners of certain prem-

ises, known as Covey's Drive-In, which they were offering for sale, and that the plaintiff became interested in acquiring the property and entered into an agreement for the purchase thereof, paying to defendants certain sums of money by way of fulfillment of the provisions of said agreement. The pleading further averred that at the time of the transaction in question the defendants were engaged in a conspiracy to injure and defraud the plaintiff by making material representations to her concerning the premises. Specifically it was charged that defendants asserted that the business operations at Covey's Drive-In had been prosperous, and that the premises could be adequately heated and ventilated by the system installed for that purpose.

The declaration further set forth that in furtherance of the claimed conspiracy the defendants, immediately following plaintiff's taking possession of the premises, removed and destroyed certain electric signs used in connection with the business, as a result of which the premises were rendered dark during the evening and nighttime hours. Plaintiff further averred that she relied on the representations of the defendants as to the success of the business that had been conducted on the premises and with reference to the heating and ventilating system, that such representations were in fact false and fraudulent, that they were made with intent that plaintiff should rely upon them, and that, in consequence of such reliance, she suffered substantial damages. She alleged, also, that upon learning that the premises could not be heated, and following the alleged unlawful removal of the electric signs, she had demanded the return of the money that she had paid, offering to return the business, with possession of the premises, to the defendants upon the payment of damages.

It must be conceded that in some respects the declaration is lacking in certainty. It does not set forth plaintiff's claim as to which of the defendants were the owners of the property, or which of them made the alleged false and fraudulent representations concerning the business and the heating and ventilating system. Neither does it appear when such representations were made with reference to the consummation of the agreement for the purchase of the premises. There is an absence of averments as to the nature of the relationship between the defendants, and the acts of each in carrying out the claimed conspiracy. The objections to the declaration as set forth in the motion to dismiss were not without merit. However, an examination of the pleading discloses that it alleged a transaction involving the purchase of property by plaintiff, the making of material representations concerning the property and business conducted therein, reliance thereon by the plaintiff to her damage, and that the defendants conspired among themselves to accomplish the result of which plaintiff complained. Obviously if there was a conspiracy the acts of each conspirator in the course thereof, and made for the purpose of accomplishing its objective, would be chargeable to all participants therein.

This Court has repeatedly recognized that the chief object of a declaration is to apprise the opposite party of the cause of action and the claims of the plaintiff. *Eberbach* v. *Woods,* 232 Mich 392, 396; *Michigan Aero Club* v. *Shelley,* 283 Mich 401, 408 (1938 US AvR 134, 1 CCH Av 750); *Leslie* v. *Mendelson,* 302 Mich 95, 103. The question is presented, in consequence, whether plaintiff's pleading in the instant case fairly serves the purpose contemplated by accepted rules of practice.

Based on prior decisions of this Court, it is said in 19 MLP, Pleading, § 8, p 12, that:

"In connection with declarations, as with other pleadings, there has been increasing liberality in upholding the pleading without regard to technical restrictions as to form. The principal requirements of a declaration are that it state a cause of action and that the facts be alleged with sufficient particularity to reasonably inform the defendant of the nature of the cause of action. Accordingly, our Supreme Court has said that the purpose of a declaration is to advise the defendant as to the nature of the plaintiff's claim, and that the chief object of a declaration is to plainly apprise the opposite party of the cause of action and the claim of the plaintiff."

Among decisions in accord with the text quoted are *Spelman* v. *Addison,* 300 Mich 690; and *Pfaffenberger* v. *Pavilion Restaurant Company,* 352 Mich 1.

The principles commonly recognized in determining the sufficiency of pleadings are summarized in 41 Am Jur, Pleading, § 77, pp. 343–345, as follows:

"The plaintiff's declaration or complaint should contain a direct and positive averment of all the ultimate facts, as distinguished from evidentiary facts, necessary to state a cause of action in the plaintiff's favor and against the defendant, followed by a demand or prayer for the relief to which the plaintiff claims to be entitled. The probative facts necessary to prove such ultimate facts should not be pleaded. Neither is it necessary for him to plead facts of which the court takes judicial notice, and consequently, he is not required to plead a public statute, when his cause of action is based thereon, although when his action is based upon a private statute or a municipal ordinance or the law of another State, such laws and ordinances must be pleaded as any other fact. The facts making up the cause of action should be set forth in their logical order, in ordinary and concise language, but with the requisite degree of certainty required by general

rules of pleading. Every material fact essential to the existence of the plaintiff's cause of action, and which he must prove to sustain his right of recovery, must be averred, in order to let in proof thereof. Every issue must be founded upon some certain point, so that the parties may come prepared with their evidence and not be taken by surprise, and the jury may not be misled by the introduction of various matters.

"Notwithstanding changes that have been introduced by modern systems of pleading, it still remains the duty of the plaintiff to state his cause of action in his declaration, complaint, or petition, and the right of the defendant to be apprised thereby of the facts which are believed to constitute the plaintiff's cause of action. The plaintiff's allegation must be such, if proved as laid, as to show as a matter of law the essential elements of a cause of action in his favor, and a cause of action should be so stated that the court may determine its character as *ex contractu* or *ex delicto,* although it is not necessary for the plaintiff in so many words to state the character of his action as *ex delicto* or *ex contractu.* On the other hand, a pleading properly drawn should contain no further allegations than thus indicated. It is not required that the plaintiff aver any fact which is not necessary to his right. He is not required to state the circumstances tending to prove the facts alleged,—the character of the evidence upon which he intends to rely,—or to anticipate matters of defense which the defendant may possibly set up. In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense."

Applying the general principles heretofore approved by this Court, we conclude that the case should not have been dismissed as to defendants Hackett. The statement filed by defendants Hackett

in support of their motion indicated that they were not misled as to the nature of plaintiff's claimed cause of action. In lieu of dismissal the court might more properly have required the filing of an amended declaration setting forth plaintiff's claims in more specific form and detail than in the pleading filed. Defendants are entitled to a clear and concise statement of plaintiff's cause of action, with reference to their conduct, individually and collectively, to the end that they may properly prepare and present any defense that they may have in the case.

An order will enter remanding the case to the trial court with directions to set aside the order from which plaintiff has appealed, and for further proceedings, requiring, however, in accordance with Court Rule No 17, § 9 (1945), as amended, that plaintiff shall within 15 days after notice of this remand file a more certain, definite and complete declaration, with particular reference to the objections urged by appellees to the pleading involved herein. In view of the nature of the case and the disposition as above indicated, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.