# STATE OF MICHIGAN

# COURT OF APPEALS

S. BAXTER JONES,

Plaintiff-Appellant,

v

ESURANCE INSURANCE CO.,

Defendant-Appellee.

UNPUBLISHED
October 25, 2018

No. 339410
Wayne Circuit Court
LC No. 15-015754-CZ

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition on grounds of res judicata. Because plaintiff failed to properly invoke the trial court's jurisdiction by filing a complaint, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

This case arises out of an automobile accident that occurred in Shelby County, Kentucky on August 8, 2005, between plaintiff, a Michigan resident, and Christopher K. Leet, a Kentucky resident. Plaintiff filed a cause of action in Kentucky on July 25, 2007, in which it named defendant and Leet as defendants, and sought "underinsured motorist benefits and uninsured motorist benefits and personal injury protection benefits" from defendant. A lengthy litigation in Kentucky ensued.

While the case in Kentucky was ongoing, plaintiff filed a complaint in Michigan on January 22, 2013, seeking PIP benefits from defendant stemming from the 2005 Kentucky accident. In the Michigan action, defendant moved for summary disposition, arguing that dismissal was required under MCR 2.116(C)(6)[1] because the ongoing litigation in Kentucky included the same claim between the same parties. The case went before Judge Daphne Means Curtis, who held a hearing on defendant's motion on March 7, 2014. At the hearing, plaintiff's counsel represented that it was attempting to "transfer" the Kentucky case to Michigan, and

---

[1] Under MCR 2.116(C)(6), summary disposition is appropriate if "[a]nother action has been initiated between the same parties involving the same claim." See *Valeo Switches and Detection Sys v ECom Inc*, 272 Mich App 309, 319; 725 NW2d 309 (2006).

-1-

asked that defendant's motion be held in abeyance until "there is a determination made in Kentucky." Judge Curtis decided to take defendant's motion "under advisement to see whether or not the case from Kentucky is transferred here." Over six months after Judge Curtis entered this ruling, the parties had made no progress, so on September 25, 2014, Judge Curtis granted defendant's motion.

Nearly one year after Judge Curtis entered the order dismissing the Michigan action, the Kentucky trial court entered an order "transferring" the Kentucky case to Michigan. The order stated that its prior orders related to whether defendant was entitled to reimbursement of PIP benefits were "VACATED, SET ASIDE, AND OF NO FURTHER EFFECT," and that the issues were to be decided "in the Wayne County Circuit Court after transfer." It further ordered that Michigan law applied "to all PIP issues between these parties" and that those issues were to "be decided by the Wayne County Circuit Court, applying Michigan law in the Michigan forum." It also ordered that plaintiff's "defenses to the statutory claim are preserved." The order also stated that plaintiff's objections to an amended counter-complaint previously filed by defendant were withdrawn, that the amended counter-complaint was accepted for filing, and that plaintiff's defenses to the counterclaim were preserved. The order also provided as follows:

> **IT IS FURTHER ORDERED** that this updated Order and its rulings concerning the applications of Michigan law to this dispute will apply to this case after transfer to Wayne County and to the presently pending case in the State of Michigan, Wayne County Circuit Court in Detroit and will be considered the law of the case.

> **IT IS FURTHER ORDERED** that the proper forum for further proceedings is in the Wayne County Circuit Court in the State of Michigan.

> **IT IS FURTHER ORDERED** that this action shall be transferred to the State of Michigan, County of Wayne, before the Honorable Daphne Means Curtis, the presiding Judge in the subsequently filed action for further proceedings.

> **IT IS FURTHER ORDERED** that all claims in the action shall be governed by and related: back to the filing date in the Kentucky action; specifically July 25, 2007.

The case was then "transferred" to the Wayne County Circuit Court.

This "transfer" was filed in Michigan on December 4, 2015, and is the case now before this Court. Although no new complaint was filed, the first entry in the Register of Actions reads "Complaint, filed," and beneath it states, *TRANSFER FILE FROM SHELBY CIRCUIT COURT, KENTUCKY, CASE NO. 07-CI00449 ORDER TO CHANGE VENUE TO WAYNE COUNTY CIRCUIT PER JUDGE CHARLES R. HICKMAN.* The "complaint" was a 789-page file recording the eight years of litigation in Kentucky. This case was assigned to Judge Curtis. Approximately 16 months after this complaint was filed—and following minimal discovery— Judge Curtis entered a trial notice and final pretrial order on April 5, 2017. The case was then reassigned to Judge Craig S. Strong.

On May 1, 2017, defendants filed a motion for summary disposition. In its motion, defendant argued that there was no basis to "transfer" this case from Kentucky to Michigan and, therefore, the case must be dismissed. Defendant also argued that, based on Judge Curtis's September 2014 ruling dismissing the previously filed Wayne County case, res judicata applied to plaintiff's claims for PIP benefits prior to September 2014. Defendant walked through a res judicata argument, and concluded that plaintiff's claims for PIP benefits prior to September 2014 should be dismissed under MCR 2.116(C)(7).

In response, plaintiff argued that the transfer from Kentucky to Michigan was valid because defendant consented to the transfer in Kentucky and "[t]he parties [were] bound by the admissions and statements that have taken place in the Kentucky case." Plaintiff also asserted that venue was proper in Michigan based on MCL 600.1621. Plaintiff pointed out that defendant "cited no law to assert that [the trial court] cannot accept a transfer of venue where the parties have agreed to it by Order." Finally, plaintiff argued that that the trial court should reject defendant's res judicata argument because Judge Curtis dismissed the earlier Michigan case "for lack of jurisdiction," which did not bar plaintiff's claim.

The trial court held a hearing on defendant's motion on June 29, 2017. At the hearing, defendant reiterated its main argument: "The most important thing is, how does this case get transferred from Kentucky to Michigan when it was a Kentucky State case? There is no basis for that, your honor." In response, plaintiff argued that venue in either Michigan or Kentucky was proper, and that the transfer "can be looked at by Courts as far as a form of convenience." In a short ruling, the trial court did not address the transfer issue, but instead only decided the case on res judicata grounds:

> The Court notes that the plaintiff has already had the case dismissed in the State of Michigan by Judge Curtis, claims of the 2013 PIP suit is exactly the same as those being advanced in this case.
>
> The doctrine of res judicata applies. The Court is going to grant the motion.

The trial court entered an order granting defendant's dispositive motion on July 11, 2017. Plaintiff now appeals by right.

On appeal, the parties continue to argue the validity of the "transfer" from Kentucky to Michigan. The trial court chose not to address this issue, but we believe that it is dispositive to the issues raised on appeal.[2] We conclude that this case could not be "transferred" from a Kentucky state court to a Michigan state court, as there is no court rule or statute that would authorize this procedure. We further conclude that the 789-page Kentucky file, that was

---

[2] We consider the issue preserved because a party "should not be punished for the omission of the trial court." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 752 n 40; 880 NW2d 280 (2015).

accepted by the trial court on December 4, 2015, could not constitute a "complaint" and, therefore, this case must be remanded to the trial court for further proceedings.

A central dispute between the parties on appeal is how to conceptualize this case. In plaintiff's view, this is the same case that was filed in 2007; it was transferred from Kentucky to Michigan, and it should be considered as one fluid case. In defendant's view, the Kentucky case is distinct from the Michigan case; the Kentucky case was not "transferred" to Michigan, but rather was refiled in Michigan, and the Michigan case is an entirely separate, new case.[3]

Only defendant's view is tenable. To invoke a Michigan circuit court's jurisdiction, a party must file a complaint with the court. MCR 2.101; *Galien Twp Sch Dist v Dep't of Ed*, 306 Mich App 410, 418; 857 NW2d 659, 663 (2014), vacated in part on other grounds 497 Mich 951 (2015) (stating that the circuit court's "jurisdiction is invoked by filing a complaint with the court"). According to the Register of Actions, plaintiff's "complaint"—which consisted of the nearly 800-page Kentucky file—was filed in Michigan on December 4, 2015. That was when this case commenced in Michigan; that the parties were litigating the same case in Kentucky does not change that the case commenced in Michigan on December 4, 2015.[4]

Plaintiff contends that the stipulated order entered in Kentucky backdates the complaint to when it was first filed in Kentucky. But, quite simply, the Kentucky trial court's order cannot have that effect. "In order to qualify for recognition under the Full Faith and Credit Clause, a sister-state judgment must constitute a final judgment on the merits." *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 216; 813 NW2d 752 (2011). Clearly, the Kentucky order was not a final judgment on the merits. Rather, it was an order to have a Michigan court issue a final judgment on the merits.

Even if the parties agreed to the order—which they dispute[5]—it is of no consequence. The Kentucky court transferred the case based on a finding of forum non coveniens. In the

---

[3] Questions of law are reviewed de novo. *Shinkle v Shinkle*, 255 Mich App 221, 224; 663 NW2d 481 (2003).

[4] Under MCR 2.101(A), "[a] civil action is commenced by filing a complaint with a court." The rule does not specify that the court must be a Michigan court. But court rules, like statutes, must be interpreted in context. *In re Vary Estate*, 401 Mich 340, 352; 258 NW2d 11 (1977). Once a complaint is filed, the court clerk must issue a summons, MCR 2.102(A), and the summons must be "In the name of the people of the State of Michigan," MCR 2.102(B). Clearly, only Michigan courts issue summons in the name of the people of Michigan, so only complaints filed in a Michigan court can commence a civil action in Michigan.

[5] It is not this Court's place to make a finding of fact on this issue, but this Court has reviewed the entire file from the parties' litigation in Kentucky, and we note that nowhere in that file did defendant object or otherwise contest the "transfer." To the contrary, defendant represented that it was unopposed to the "transfer" but would only agree if certain conditions were met, and all of those conditions were included in the Kentucky court's order.

comments of the Restatement (Second) of Conflict of Laws § 84 regarding forum non coveniens, it provides as follows:

> *e. Action taken when forum inappropriate.* A court lacks power to transfer a case to the courts of another state. For this reason, a court which finds itself to be an inappropriate forum under the rule of this Section must dismiss the action outright, or do so conditionally (as by requiring that the defendant stipulate to accept service of process and not plead the statute of limitations in some second state that is deemed a more convenient forum), or else stay the action pending institution of suit and service of process upon the defendant in a more convenient forum. [Restatement (Second) of Conflict of Laws § 84 (1971).]

The basic premise for this comment is that a court of one state lacks the inherent authority to transfer a case to a sister-state, and it can only do so with statutory authority. See *Leadford v Leadford*, 6 Cal App 4th 571, 574 n 4 (1992)[6]; *United States v 11 Cases, More or Less, Ido Pheno-Chon*, 94 F Supp 925, 926 (D Or, 1950). Even if the Kentucky General Assembly granted its courts the authority to transfer this case to Michigan, that alone would not be enforceable on Michigan courts, and therefore is irrelevant. See *Societe Nationale Industrielle Aerospatiale v US Dist Court for S Dist of Iowa*, 482 US 522, 556-557; 107 S Ct 2542; 96 L Ed 2d 461 (1987) (BLACKMUN, J., dissenting) ("Under the classic view of territorial sovereignty, each state has a monopoly on the exercise of governmental power within its borders and no state may perform an act in the territory of a foreign state without consent."); *Tennessee v Davis*, 100 US 257, 267; 25 L Ed 648 (1879) ("Before the adoption of the Constitution, each State had complete and exclusive authority to administer by its courts all the law, civil and criminal, which existed within its borders."). No Michigan statute or court rule allows a sister-state court to transfer a case to a Michigan state court, nor do any statutes or court rules allow a Michigan court to accept this type of transfer. There was simply no basis for the Kentucky court to transfer a case to Michigan, and there is certainly no legal basis to consider this case, which was filed in Michigan in 2015, the same case that was filed in Kentucky in 2007. Rather, if the parties wanted to effectuate a "transfer" from Kentucky to Michigan, they needed to file a complaint in Michigan in which they agreed *in Michigan* to the conditions in the Kentucky order. This is the practice followed by courts throughout the United States.[7]

---

[6] Cases from other jurisdictions, although not binding, may be persuasive. *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006).

[7] See, e.g., *MacLeod v MacLeod*, 383 A2d 39, 43-44 (Maine, 1978) (after concluding that Maine was not the best forum for the action, ordering the case be stayed "conditioned upon acceptance by the defendant" of service in the alternative forum, with the additional stipulation that the defendant treat the action in the alternative forum as having been filed on the same date as the Maine action); *Silversmith v Kenosha Auto Transp*, 301 NW2d 725, 729 (Iowa, 1981) (dismissing action on the grounds of forum non conveniens, but placing "reasonable conditions on the dismissal to insure that [the] plaintiff is not without a forum in which to litigate his claim"); *Shewbrooks v AC & S Inc*, 529 So 2d 557, 562 (Miss, 1988), superseded by statute on

At the trial court, after arguing that the transfer was legally impermissible, defendant asserted that the case should be dismissed because "[t]here has never been a Complaint filed in the State of Michigan for this case" and plaintiff otherwise failed to follow the court rules for bringing a claim. Indeed, plaintiff never submitted a complaint to the circuit court. Instead, he had the circuit court in Kentucky transfer the parties' Kentucky case file—a 789-page file documenting the eight years of litigation in Kentucky—to the Wayne County circuit court. The file was clearly not intended as a "complaint"; plaintiff sought to have the entire case from Kentucky transferred to Michigan, not to begin a new case in Michigan by filing a complaint. Without filing a complaint, plaintiff did not invoke the circuit court's jurisdiction. *Galien*, 306 Mich App at 418; MCR 2.101(B).

Nonetheless, we acknowledge that our court rules do not say that a party needs to intend to file a "complaint" before doing so, and the circuit court labeled the 789-page file from Kentucky a "complaint." But because there was no legal basis for considering the Kentucky file a "complaint" under our court rules, the circuit court erred by doing so.[8]

Under MCR 2.111(B)(1), a complaint must include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" Like all pleadings, a complaint must conform to the signature and verification requirements in MCR 2.114. See MCR 2.111(A).[9] A complaint must also meet the form requirements in MCR 2.113.[10]

---

other grounds (listing cases from various states, including Michigan, as examples of "the overwhelming authority in this county [requiring] a defendant to waive the statute of limitations before the court will grant a forum non conveniens transfer"); *Foster v Chicago & N W Transp Co*, 102 Ill 2d 378, 385; 466 NE2d 198 (1984) ("Since the statute of limitations involved in this case may have run, this disposition is conditioned on the defendant's waiver of the statute of limitations defense when the cause is transferred to another forum. If the defendant refuses to waive the statute of limitations defense, then the plaintiff should be given leave to reinstate the cause in the circuit court of Madison County."); *Norman v Norfolk & W Ry Co*, 228 Pa Super 319, 328-329; 323 A2d 850 (1974) (recognizing that a state court may conditionally dismiss a state-court action when applying forum non coveniens to assure filing in the sister state).

[8] "This Court reviews interpretation of the court rules de novo." *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).

[9] Effective September 1, 2018, MCR 2.114 was repealed, and the signing and verification requirements for MCR 2.111(A) are now provided in MCR 1.109(D)(3) and (E). See MCR 2.111(A) (as amended).

[10] Effective September 1, 2018, MCR 2.113 was amended, and its requirements are now different than they were when plaintiff filed his complaint. Compare MCR 2.113 with MCR 2.113 (as amended).

Here, the trial court considered the complaint to be the 789-page Kentucky file. "The purpose of a complaint in a civil action is to state a cause of action and to allege facts with 'sufficient particularity to reasonably inform the defendant of the nature of the cause of action.' " *Grievance Admin v Miller*, 486 Mich 873, 879 (2010) (CORRIGAN, J., dissenting), quoting *Steed v Covey*, 355 Mich 504, 510; 94 NW2d 864 (1959). "In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense." *Steed*, 355 Mich at 511 (quotation marks and citation omitted). The 789-page complaint cannot be said to state facts with sufficient particularly or to adequately advise defendant of the charge against it. The file is a meandering procedural history of a case that has involved numerous parties, various allegations, and a number of rulings that have affected how the parties currently stand. Yet nowhere in the 789-page file is there a statement of facts that explains this history and alleges the charges that remain against defendant. Stated differently, in all of the almost 800 pages, there are no "allegations [that] state facts upon which . . . plaintiff relies for a recovery," nor anything that "adequately advises . . . defendant of the charge so as to enable [it] to prepare [its] defense." *Id*. (quotation marks and citation omitted). While it may be possible for defendant to piece together the cause of action remaining against it by walking through each page of the 789-page file, the file is full of duplicative documents and includes hundreds of pages of materials not relevant to plaintiff's claim against defendant. Clearly, plaintiff's "complaint" is not "[a] statement of facts *without repetition*," and it lacks "specific allegations necessary *reasonably* to inform" defendant of the nature of plaintiff's claims. MCR 2.11(B)(1) (emphasis added); see also *Miller*, 486 Mich at 879, quoting *Steed*, 355 Mich at 510 (a complaint should "allege facts with '*sufficient* particularity to *reasonably* inform the defendant of the nature of the cause of action.' ") (Emphasis added). Thus, considering plaintiff's "complaint," we conclude that it was deficient.

Generally, when a complaint is deficient, the proper remedy is to dismiss the case without prejudice to allow the plaintiff to file a proper complaint. See *State Bar Grievance Administrator v Jackson*, 390 Mich 147, 156; 211 NW2d 38 (1973). But under the unique circumstances of this case, we do not believe that remedy is sufficient. Instead, we remand this case to the trial court with instructions for the court to order plaintiff, within a reasonable time, to file a complaint that comports with the Michigan Court Rules. The specific time-limits for the filing of the complaint shall be decided by trial court, in its discretion. If plaintiff seeks to toll the date of the complaint's filing, for instance by arguing that defendant agreed in Kentucky to consider the complaint as having been filed in Michigan at an earlier date, the trial court is directed to resolve those factual questions and make legal conclusions as necessary.

In the trial court, plaintiff argued that its complaint was not deficient because it did, in fact, state its claim with sufficient particularity. It contended that its claim is stated in its complaint that it filed in Kentucky, which was included in the 789-page Kentucky file. But this is an entirely unreasonable interpretation of what should constitute plaintiff's complaint. The document that plaintiff refers to is at page 786 of the 789-page file, meaning that defendant would have had to go through the entire file to reach the "complaint." Included in the 789-page file is another document labeled "amended complaint," and it is unclear why plaintiff's original complaint should be his "complaint" when plaintiff clearly believed that the original complaint was insufficient and needed to be amended. Even considering the complaint championed by plaintiff, that complaint lists Leet as a defendant—which he is not—and plaintiff previously

-7-

agreed to not pursue any additional recovery against Leet.  The complaint is also signed by a Kentucky attorney who has never been an attorney of record in this Michigan case, see MCR 2.114(C)(1),[11] it lists the court as the Shelby Circuit Court of Kentucky without reference to the proper case number, see MCR 2.113(C),[12] and it includes numerous other flaws in its form as applicable to a complaint filed in Michigan, see generally MCR 2.113.[13]

Because plaintiff did not file a proper complaint, he failed to invoke the circuit court's jurisdiction.  See *Galien*, 306 Mich App at 418.  Without jurisdiction, any order that the trial court entered was void.  See *Reed v Yackell*, 473 Mich 520, 548; 703 NW2d 1 (2005).  We therefore vacate the trial court's order granting defendant's motion for summary disposition.

We vacate the trial court's order granting defendant's motion for summary disposition and remand this case to the trial court for proceedings consistent with this opinion.  Neither party may tax costs under MCR 7.219 because neither party prevailed in full.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[11] Although MCR 2.114 was repealed, a document must still be signed by "at least one attorney of record" if the party is represented by counsel.  See MCR 1.109(E)(2).

[12] Although MCR 2.113 was amended, a document filed with the court must still contain a caption stating the name of the court and the case number.  See MCR 2.113(A); MCR 1.109(D).

[13] The form requirements for a complaint must now meet the standards in MCR 1.109(D), see MCR 2.113(A) (as amended), which plaintiff's "complaint" does not.