WARNER v MITTS

Docket No. 169905. Submitted March 7, 1995, at Grand Rapids.
Decided June 23, 1995, at 9:05 A.M. Leave to appeal sought.

Gene L. and Patricia M. Warner brought an action in the Ottawa
Circuit Court against Deanna Mitts, alleging that the defen-
dant slandered them in reporting to the Department of Social
Services that Gene had engaged in sexual intercourse with his
daughter. The court, Wesley J. Nykamp, J., granted summary
disposition for the defendant, ruling that she was immune from
liability pursuant to the Child Protection Law, MCL 722.621 *et
seq.*; MSA 25.248(1) *et seq.* The plaintiffs appealed.

The Court of Appeals *held:*

1. A person who has reasonable cause to suspect child abuse
and reports the suspected abuse to the Department of Social
Services is presumed to act in good faith and is immune from
civil or criminal liability that otherwise might be incurred
thereby. MCL 722.624; MSA 25.248(4); MCL 722.625; MSA
25.248(5). The trial court correctly determined that the plain-
tiffs failed to overcome the presumption that the defendant had
acted in good faith in making the report and that the defen-
dant was immune from liability.

2. The trial court did not err in ordering that the Depart-
ment of Social Services report be presented to the court. MCL
722.627; MSA 25.248(7) provides that a written report filed
pursuant to the Child Protection Law is available to a court
that determines that such information is necessary to decide an
issue before it. The report involved in this case was necessary
for the trial court's determination of the issue whether the
defendant had made a slanderous report.

Affirmed.

STATUTES — CHILD PROTECTION LAW — REPORTS OF SUSPECTED ABUSE
— IMMUNITY FROM LIABILITY.

A person who has reasonable cause to suspect child abuse and
reports the suspected abuse to the Department of Social Ser-

REFERENCES

Am Jur 2d, Infants § 17.5.
See ALR Index under Abuse of Persons; Reports.

vices is presumed to act in good faith and is immune from civil or criminal liability that otherwise might be incurred thereby (MCL 722.624, 722.625; MSA 25.248[4], 25.248[5]).

*Sanders & Stein* (by *Larry Sanders*), for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Elizabeth Roberts VerHey*), for the defendant.

Before: MacKenzie, P.J., and McDonald and O'Connell, JJ.

Per Curiam. Plaintiffs appeal as of right from an October 18, 1993, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and (10) in this action involving allegations of slander. We affirm.

This case arises from defendant's May 31, 1991, report to the Department of Social Services that plaintiff Gene L. Warner had sexual intercourse with his minor daughter. The report resulted in a DSS investigation in which Warner admitted fondling his daughter but denied having intercourse with her. Although a felony information was filed, it was subsequently dismissed.

Thereafter plaintiffs filed a complaint alleging defendant maliciously and falsely reported to the DSS that Warner had engaged in sexual intercourse with his daughter and that when again contacted by the DSS defendant falsely accused Patricia Warner of being mentally ill and plaintiffs of soliciting defendant and her husband to participate in certain sexual acts. Defendant answered and raised affirmative defenses that the statements were true and that the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, provided immunity from the suit.

The trial court granted defendant's motion for

summary disposition, finding plaintiffs could not overcome the statute's presumption of good-faith reporting.

MCL 722.624; MSA 25.248(4) provides:

> In addition to those persons required to report child abuse or neglect under section 3 [MCL 722.623; MSA 25.248(3)], any person, including a child, who has reasonable cause to suspect child abuse or neglect may report the matter to the department or a law enforcement agency.

MCL 722.625; MSA 25.248(5) provides in pertinent part:

> A person acting in good faith who makes a report, cooperates in an investigation, or assists in any other requirement of this act shall be immune from civil or criminal liability which might otherwise be incurred thereby. A person making a report or assisting in any other requirement of this act shall be presumed to have acted in good faith.

Reading the sections together, it is apparent a person who has "reasonable cause to suspect child abuse" is by definition "acting in good faith" when reporting the suspicions. Thus, immunity extends to reports of "suspected" child abuse regardless of the outcome of a subsequent investigation. The purpose of the immunity is to facilitate the public policy behind the act, which is to encourage reporting of suspected child abuse. *Awkerman v Tri-County Orthopedic Group, PC,* 143 Mich App 722; 373 NW2d 204 (1985).

Here, whether defendant learned of Warner's sexual abuse of his daughter from her husband or from Warner himself is irrelevant to the question of defendant's "reasonable cause to suspect child

abuse." Either source of the information would be sufficient to constitute reasonable cause. We agree with the trial court that defendant's alleged animosity toward plaintiffs did not render defendant's reporting one of bad faith. As previously noted, "good faith" pertains to the existence of a reasonable suspicion, not the motive behind the decision to report.

We also reject as meritless plaintiffs' claim that because the type of sexual abuse defendant reported was more egregious than the type of abuse actually perpetrated, the statutory immunity does not protect defendant. MCL 722.622; MSA 25.248(2) defines "sexual abuse" as engaging in "sexual contact or sexual penetration" with a child. Thus, either the activity reported by defendant or the activity admitted by Warner constituted "sexual abuse" under the act. Moreover, requiring a person to know the precise details of the sexual contact before reporting the abuse would be unduly prohibitive and contrary to the public policy behind the statute of encouraging reporting.

Immunity extends not only to the making of the report but also to a party's cooperation in an investigation. The trial court did not err in granting summary disposition on all counts of plaintiffs' complaint.

Next, we address plaintiffs' claim the trial court erred in ordering production of the DSS report regarding Warner's abuse of his daughter.

At the time of the controversy, MCL 722.627; MSA 25.248(7) provided in pertinent part:[1]

A written report, document, or photograph filed with the department pursuant to this act shall be

---

[1] MCL 722.627; MSA 25.248(7) was subsequently amended by 1993 PA 251, effective November 24, 1993.

a confidential record available only to 1 or more of the following:

* * *

(g) A court which determines the information is necessary to decide an issue before the court.

Here, review of the contents of the report was necessary to determine an issue before the court. The gravamen of plaintiffs' complaint was that defendant made a false and slanderous report to the DSS. Review of the report was therefore necessary to address not only plaintiffs' affirmative claim, but also defendant's defense that the statements made were true. The trial court could properly order the report released for use in determining the issues before it.

Affirmed.