ZIMMERMAN v OWENS

Docket No. 184819. Submitted May 7, 1996, at Grand Rapids. Decided January 28, 1997, at 9:00 A.M.

Susan Zimmerman brought an action in the Kent Circuit Court against James J. Owens, seeking damages for injuries caused by the defendant's alleged wrongful dissemination of a Department of Social Services protective services report detailing alleged child abuse committed by the plaintiff against her own children. The alleged wrongful dissemination occurred when the defendant, an attorney representing Robyn Zimmerman in a Kent Circuit Court action for a divorce from Edward Zimmerman, filed a motion during the child custody and visitation stage of the divorce action following the granting of the divorce requesting that Edward Zimmerman's visitation with his and Robyn's children be restricted when the children are in the presence of their stepmother, Susan Zimmerman, Edward's present wife. In support of his motion, the defendant attached a copy of the protective services report. Fourteen days after the motion was filed, the trial court in the divorce action, Dennis B. Leiber, J., ordered the clerk to seal the report. In the action alleging wrongful dissemination, the court, Dennis B. Leiber, J., granted summary disposition for the defendant, finding that the defendant was engaged in a privileged act when he attached the report to the motion. The plaintiff appealed.

The Court of Appeals held:

1. The court in the divorce action had authority to order the production of the protective services report and assumed it was relevant and necessary to aid in deciding the custody and visitation issues raised.

2. The plaintiff failed to allege the dissemination element required to maintain her action. Summary disposition was properly granted pursuant to MCR 2.116(C)(8).

Affirmed.

SAWYER, P.J., dissenting, stated that, although it may have been permissible for the defendant to supply the report to the trial court in the custody action pursuant to MCL 722.627; MSA 25.248(7), the defendant was not privileged to publish it in the public record and

should have made it available to the court on a confidential basis only.

1. PARENT AND CHILD — CHILD PROTECTION LAW — REPORTS OF SUSPECTED ABUSE — CONFIDENTIALITY.

A trial court, pursuant to MCL 722.627(1)(g); MSA 25.248(7)(1)(g), may order the production of a previously prepared Department of Social Services protective services report where the court determines that the information contained in the report is necessary and relevant for the determination of issues raised in an action before the court; such production does not violate the confidentiality requirement pertaining to such reports contained in MCL 722.633(3); MSA 25.248(13)(3).

2. PARENT AND CHILD — CHILD PROTECTION LAW — REPORTS OF SUSPECTED ABUSE — CONFIDENTIALITY — WORDS AND PHRASES — DISSEMINATE.

A person who violates the confidentiality mandate contained in the Child Protection Law, MCL 722.633(3); MSA 25.248(13)(3), may be found responsible for civil liability where the plaintiff proves damages that are proximately caused by the dissemination of the information; "disseminate" means to scatter or spread widely, promulgate extensively; "disseminates" means the circulation of the physical embodiment of the defamatory matter, including the selling, renting, giving, or otherwise circulating of a book, paper, or document composed, written, or printed by a third person.

*Donald W. Garthe*, for Susan Zimmerman.

*Mary A. Owens*, for James J. Owens.

Before: SAWYER, P.J., and GRIFFIN and M. G. HARRISON*, JJ.

GRIFFIN, J. Plaintiff appeals as of right an order of the circuit court granting summary disposition for defendant pursuant to MCR 2.116(C)(8). We affirm.

Defendant is an attorney who represents Robyn Zimmerman in a divorce action in the Kent Circuit Court, *Zimmerman v Zimmerman*, Case No. 91-73660-DM. Although Robyn Zimmerman and Edward

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Zimmerman were divorced in 1992, issues of child custody and visitation are ongoing. Plaintiff Susan Zimmerman is the present wife of Edward Zimmerman.

On August 10, 1993, defendant filed a motion in *Zimmerman v Zimmerman* requesting that Edward Zimmerman's visitation of the Zimmerman children be restricted when the children are in the presence of their stepmother, plaintiff Susan Zimmerman. In support, defendant attached to his motion a copy of a Department of Social Services protective services report detailing alleged child abuse committed by plaintiff against her own children. On August 24, 1993, Kent Circuit Court Judge Dennis B. Leiber ordered the clerk to seal the protective services report, "which report shall not be opened except upon order of this Court."

Plaintiff brought this action pursuant to subsection 13(3) of the Child Protection Law, MCL 722.633(3); MSA 25.248(13)(3), seeking damages for defendant's alleged wrongful dissemination of the protective services report. Plaintiff's sole allegation pertaining to defendant's "dissemination" of the report is contained in paragraph sixteen of her complaint:

> By placing said Report in the court file, defendant *in effect disseminated* the Report to the whole world. [Emphasis added.]

Plaintiff's complaint does not allege that any unauthorized person ever saw the protective services report during the fourteen days that it was not under seal. In addition, plaintiff's appellate brief contains the following admission:

Plaintiff's complaint did not allege that defendant had disseminated the confidential Protective Services Report other than by attaching it to a public court pleading.

Defendant moved for summary disposition on the ground that plaintiff's complaint failed to state a claim on which relief can be granted. Defendant's motion was granted by Judge Leiber, who was assigned the present case as well as *Zimmerman v Zimmerman*. Although the court's order specifies that the motion was granted pursuant to MCR 2.116(C)(8), the basis for the lower court's decision was that defendant was engaged in a "privileged act" when he attached the protective services report to his motion.[1]

Subsection 13(3) provides:

Except as provided in section 7, a person who disseminates, or who permits or encourages the dissemination of, information contained in the central registry and in reports and records made pursuant to this act is guilty of a misdemeanor *and is civilly liable for the damages proximately caused by the dissemination.* [MCL 722.633(3); MSA 25.248(13)(3) (emphasis added).]

Subsection 7(1)(g) of the act stated at the time the defendant submitted the report that the confidentiality requirement is not applicable to various entities including the parties and "[a] court which determines the information is necessary to decide an issue before the court." MCL 722.627(1)(g); MSA 25.248(7)(1)(g).

In *Warner v Mitts*, 211 Mich App 557; 536 NW2d 564 (1995), this Court held that pursuant to the exception contained in subsection 7(1)(g), a court

---

[1] Immunities granted by law appear to be covered by MCR 2.116(C)(7), not MCR 2.116(C)(8).

may order the production of a previously prepared protective services report if the court determines that the information contained in the report is necessary and relevant for the determination of issues raised in the action. In accordance with *Warner*, we conclude that the lower court had authority to order the production of the protective services report. Further, we note that the lower court assumed that the protective services report was relevant and necessary to the issues of custody and visitation raised in *Zimmerman v Zimmerman*.

A person who violates the confidentiality mandate of the Child Protection Law may be responsible for civil liability if the plaintiff proves (1) damages, (2) proximately caused, (3) by the dissemination of the information. In the present case, plaintiff fails to allege that the information contained in the protective services report was disseminated to unauthorized persons. The most that plaintiff's complaint alleges is that defendant "in effect disseminated the report" by placing the report in a court file.

The terms "disseminates" or "dissemination" are not defined in the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.* Accordingly, we look to dictionary definitions and accepted legal definitions for guidance. *People v Lee*, 447 Mich 552, 558; 526 NW2d 882 (1994).

*The Random House College Dictionary* (rev ed), p 384, defines "disseminate" as "to scatter or spread widely; promulgate extensively." See also *People v Witzerman*, 29 Cal App 3d 169, 179; 105 Cal Rptr 284 (1972).

Further, 3 Restatement Torts, § 581, p 209, defines "disseminates" as follows:

The word "disseminates," as used in this Section means the circulation of the physical embodiment of the defamatory matter. It includes the selling, renting, giving, or otherwise circulating a book, paper or document composed or written or printed by a third person. It includes similar dealing with a picture or statue or phonograph record. It also includes the carrying of a letter or the transmission of messages by other means, such as by telegraph or radio.

We agree with these definitions and hereby adopt them as our own for the purposes of the Child Protection Law.

Applying these definitions to plaintiff's complaint, we conclude that plaintiff has failed to allege the dissemination element required to maintain her action. The confidential protective services report was not promulgated extensively, if at all, to unauthorized third persons by its temporary placement in the public court file. To the contrary, plaintiff claims no widespread circulation and no dissemination other than the "in effect" act of placing the report in a court file. Under these circumstances, we hold that plaintiff's complaint fails to allege dissemination and, therefore, a claim on which relief can be granted has not been pleaded. The lower court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

In view of our disposition, we express no opinion regarding the issue whether attaching the report to a court motion was a privileged act. Even if we were to agree with plaintiff that there is no common-law privilege regarding defendant's conduct, we will not reverse when the court reaches the correct result but for the wrong reason. *People v Lucas*, 188 Mich App 554, 577; 470 NW2d 460 (1991), and *People v Beckley*,

161 Mich App 120, 131; 409 NW2d 759 (1987), aff'd 434 Mich 691; 456 NW2d 391 (1990).

Affirmed.

M. G. HARRISON, J., concurred.

SAWYER, P.J. (*dissenting*). I respectfully dissent. Defendant represented plaintiff's husband's ex-wife in a custody action. Defendant obtained a copy of a confidential Department of Social Services protective services report of an investigation into an allegation involving abuse of plaintiff's children by plaintiff. Defendant attached a copy of the confidential report to a motion that sought to restrict plaintiff's husband's visitation with his children in plaintiff's presence. Plaintiff brought the instant action seeking damages for defendant's publication of the confidential report in the motion that was filed as part of a public record. The trial court granted summary disposition for defendant, concluding that defendant was protected by a common-law privilege regarding court pleadings.

The only issue on appeal is whether the trial court erred in concluding that defendant's act of publishing the confidential report as part of a pleading in a public file is protected by a privilege. I agree with plaintiff that the trial court did err.

In this case, the scope of the pleading privilege need not be determined or whether, absent the applicable statutory provision, it would be applicable here. Rather, I believe that the applicable statute prohibited publication of the confidential report as part of the public record. MCL 722.633(3); MSA 25.248(13)(3) provides as follows:

Except as provided in section 7, a person who disseminates, or who permits or encourages the dissemination of, information contained in the central registry and in reports and records made pursuant to this act is guilty of a misdemeanor and is civilly liable for the damages proximately caused by the dissemination.

Section 7 of the Child Protection Law, MCL 722.627; MSA 25.248(7), provided at the time the defendant submitted the report in pertinent part as follows:

(1) The department shall maintain a central registry system to carry out the intent of this act. A written report, document, or photograph filed with the department pursuant to the act shall be a confidential record available only to 1 or more of the following:

* * *

(f) A person named in the report or record . . . .
(g) A court which determines the information is necessary to decide an issue before the court.

* * *

(2) A person or entity to whom a report, document, or photograph is made available shall make the report, document, or photograph available only to a person or entity described in subsection (1)(a) to (l). This subsection shall not be construed to require a court proceeding to be closed which otherwise would be open to the public.

This statute makes it clear the report must remain confidential. It does provide that the report may be disclosed to a court that requires the information. That does not, however, mean that the report may be placed in the public record. Rather, as subsection 7(2) makes clear, the report can only be made available to the court. Accordingly, accepting for the purposes of deciding this issue that the report was, in

fact, necessary for the trial court in the custody action to decide the visitation issue, the report should have been made available to the court on a confidential basis. It should not have been made part of the public record.

Simply put, while it may have been permissible for defendant to supply the report to the trial court in the custody action, he was not privileged to publish it in the public record. Rather, the applicable statute specifically restricts dissemination of the report to those who need the report, such as the trial judge in the custody action. In short, defendant was not privileged to violate the statute. See *Williams v Coleman*, 194 Mich App 606; 488 NW2d 464 (1992).

Accordingly, I would reverse.