# STATE OF MICHIGAN

# COURT OF APPEALS

DOCK FARISH, KEBEH GIBSON, MILLIE NICHOLS, and All Others Similarly Situated,

Plaintiffs-Appellants,

v

DEPARTMENT OF TALENT AND ECONOMIC DEVELOPMENT,

Defendant-Appellee,

and

TALENT INVESTMENT AGENCY, UNEMPLOYMENT INSURANCE AGENCY, DIRECTOR OF DEPARTMENT OF TALENT AND ECONOMIC DEVELOPMENT, DIRECTOR OF TALENT INVESTMENT AGENCY, and ACTING DIRECTOR OF UNEMPLOYMENT INSURANCE AGENCY,

Defendants.

UNPUBLISHED
December 11, 2018

No. 341350
Court of Claims
LC No. 17-000035-MZ

Before: METER, P.J., and K. F. KELLY and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

A Michigan statute permits the Unemployment Insurance Agency to withhold unemployment benefits when an claimant has been overpaid. Plaintiffs seek to recoup unemployment benefits they claim were improperly deducted from benefits to which they were entitled. I agree with the majority that plaintiffs' claims for conversion and under 42 USC § 503(g) must be remanded for further consideration by the Court of Claims. I respectfully dissent with respect to plaintiffs' claim under MCL 421.62(a). That statute limits the amount that may be deducted from an individual's benefits to 50% of each later payment. Plaintiffs allege that defendants violated the statute by deducting more than 50% from their payments.

The Court of Claims dismissed plaintiffs' complaint under MCR 2.116(C)(8). According to both the majority and the Court of Claims, plaintiffs failed to plead in avoidance of MCL

421.62(b), which provides that the 50% limitation is inapplicable if the UIA determines that a claimant "has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits[.]" Michigan's pleading rules do not require plaintiff to plead in anticipation of defenses. Nor did plaintiffs concede that their overpayment was fraudulent simply by stating as a *fact* that the UIA imposed interest and penalties. Their claim under MCL 461.62(a) is legally cognizable and should not have been dismissed.

I

In separate paragraphs of their first amended complaint (numbers 18, 21 and 25), the three plaintiffs alleged that they were "certified" to receive weekly unemployment insurance benefits in a certain amount, and that the UIA deducted the entirety of their benefits "to recoup the previous overpayment, interest and penalties debt." In paragraphs 46 and 47 of their first amended complaint, plaintiffs averred that defendants violated MCL 461.62 by withholding more than 50% of each payment due. Paragraph 59 of the first amended complaint states, "Defendants failed to provide [plaintiffs] with reasonable notice and an opportunity for a hearing to contest the recoupment of allegedly overpaid unemployment benefits."

The majority holds that because plaintiffs asserted that they were assessed "penalties," they thereby admitted that the 50% limitation did not apply to them. This conclusion is incorrect for multiple reasons.

As a matter of simple logic, it would be nonsensical to bring a lawsuit asserting that the 50% limitation applied if the plaintiff bringing this claim simultaneously admitted that it did not. Obviously, plaintiffs do not intentionally file complaints incorporating airtight defenses for the other side to run with. Logic aside, there are three legal reasons that plaintiffs first amended complaint cannot reasonably be construed as having alleged a perfect defense—the allegations in a complaint must be construed in the light most favorable to the *nonmoving* party, judges must not make findings of fact at the pleading stage, and a motion brought under MCR 2.116(C)(8) may be granted only where the claim is "so clearly unenforceable as a matter of law that no factual development could possibly justify relief."

II

Two statutory subsections stand at the center of this case: MCL 421.62(a) and MCL 421.62(b). Both permit the UIA to deduct unemployment benefits from a person entitled to collect unemployment benefits if the person has previously obtained benefits to which the person was not entitled (an overpayment). A person may have been overpaid due to an administrative or clerical error on the agency's part, or a good-faith error on the part of the claimant. In this situation, the 50% rule of MCL 421.62(a) applies:

> If the unemployment agency determines that an individual has obtained benefits to which the individual is not entitled, or a subsequent determination by the agency or a decision of an appellate authority reverses a prior qualification for benefits, the agency may recover a sum equal to the amount received plus interest pursuant to [MCL 421.15(a)] by 1 or more of the following methods: deduction from benefits or wages payable to the individual, payment by the individual in

cash, or deduction from a tax refund payable to the individual as provided under . . . MCL 205.30a. *Deduction from benefits or wages payable to the individual is limited to not more than 50% of each payment due the claimant.* [MCL 421.62(a) (emphasis added).]

MCL 421.62(a) further provides that "[e]xcept in a case of an intentional false statement, misrepresentation, or concealment of material information, the unemployment agency shall waive recovery of an improperly paid benefit if repayment would be contrary to equity and good conscience and shall waive any interest." *Id.*

MCL 421.62(b) dictates the course of events when an overpayment is due to fraud. It states in relevant part:

> If the unemployment agency determines that a claimant has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits, whether or not the claimant obtains benefits by or because of the intentional false statement, misrepresentation, or concealment of material information, the unemployment agency shall, in addition to any other applicable interest and penalties, cancel his or her rights to benefits for the benefit year in which the act occurred as of the date the claimant made the false statement or misrepresentation or concealed material information, and shall not use wages used to establish that benefit year to establish another benefit year. . . . Restitution resulting from the intentional false statement, misrepresentation, or concealment of material information is not subject to the 50% limitation provided in subsection (a). [MCL 421.62(b).]

The first paragraph of plaintiffs' first amended complaint announces that plaintiffs "commence this putative class action to recover unemployment insurance benefits that the Michigan Unemployment Insurance Agency ("UIA") unlawfully deducted from their entitlement." The next six paragraphs address "jurisdiction and venue." The first amended complaint then sets forth 29 paragraphs of "factual allegations." For each named plaintiff, the first amended complaint averred that the UIA had deducted all of that person's weekly employment benefit "to recoup the previous overpayment, interest and penalties debt." The relief requested at the end of the first amended complaint includes the following:

> C. Declare that Defendants violated the state and federal provisions referenced herein and that the Class Representatives and the putative class members are entitled to the amount of unemployment insurance benefits that Defendants unlawfully seized from their entitlement;

> D. Order Defendants to remit the entire amount of unemployment insurance benefits unlawfully taken from the Class representatives and the putative class members, *including interest and penalties*[.] [Emphasis added.]

One of the general rules of pleading applicable to complaints requires that a pleader set forth "[a] statement of the facts . . . on which the pleader relies in stating the cause of action, with the specific allegations necessary to reasonably inform the adverse party of the nature of the

claims the adverse party is called upon to defend[.]" MCR 2.111(B)(1). Plaintiffs' statements that the UIA deducted the entirety of their benefits "to recoup the previous overpayment, interest and penalties debt" appear in the section of their complaint headed "Factual Allegations." Plaintiffs admitted as a *fact* that the UIA deducted the entirety of their benefits to recoup a previous overpayment, plus penalties and interest. The majority confuses that factual assertion with a concession that the UIA *rightfully* deducted the interest and penalties.

True, we must credit as accurate the statement that the UIA deducted the entire benefit "to recoup the previous overpayment, interest and penalties debt." But just because the UIA deducted the entire amount plus a penalty does not mean that the UIA's action was lawful. No caselaw or rule of pleading supports that a court may interpret a factual statement describing that a plaintiff was penalized by the government as a concession that the plaintiff deserved it. Rather, by pleading that the UIA assessed penalties, plaintiffs fulfilled their obligation to plead "[e]very material fact essential to the existence" of their cause of action. *Steed v Covey*, 355 Mich 504, 511; 94 NW2d 864 (1959). They did so in the paragraphs explaining what happened to their benefits.

When reviewing a complaint under MCR 2.116(C)(8) we must construe "[a]ll well-pleaded" allegations "in a light most favorable to the *nonmovant*." *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012) (emphasis added). While it is theoretically possible to interpret plaintiffs' allegation that the UIA deducted penalties as an admission that the penalties were actually due and owing, it is far more plausible to interpret this allegation as simply one of fact—the defendants charged penalties. Our job is not to pick and choose among various factual options, but rather to construe the allegations to the benefit of the plaintiffs. In so doing, we must also credit the allegations with "all reasonable inferences or conclusions that can be drawn from them." *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). Applying these rules and reading the factual statements in the context of the rest of the complaint, it is obvious that plaintiffs' factual allegations were not concessions that they had fraudulently obtained the overpayments. See *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) ("It is well settled that the gravamen of an action is determined by reading the complaint as a whole[.]"). Rather, the paragraphs indicating that the UIA charged penalties were just averments of fact—nothing more, nothing less.

After stating the facts, plaintiffs' first amended complaint advances several different causes of action. Here is the pertinent claim:

### SECOND CAUSE OF ACTION
**(Violation of Mich. Comp. Laws § 421.62)**

44.     [Plaintiffs] incorporate by reference the foregoing paragraphs of this complaint as though fully set forth herein.

45.     Mich. Comp. Laws § 421.62 provides that any "Deduction from benefits or wages payable to the individual is limited to not more than fifty percent of each payment due the claimant."

46.     Upon information and belief, defendants withheld "more than fifty percent of each payment due" the [plaintiffs].

47.     Since Defendants violated Mich. Comp. Law § 421.62, the class is entitled to remittance of the withheld unemployment insurance benefits, costs, and reasonable attorney's fees.

Reading this count in conjunction with the factual allegations referencing penalties, it is clear that the plaintiffs alleged that the UIA illegally deducted 100% of their benefits and charged them interest and penalties to boot. Maybe the plaintiffs are wrong and they did actually commit fraud. That is a factual question outside the current inquiry, as defendants' motion was granted only under MCR 2.116(C)(8).

The majority's explanation for dismissing plaintiffs' claim under MCL 421.62 conflicts with basic pleading precepts and, respectfully, reflects a misreading of plaintiffs' complaint. According to the majority, plaintiffs' complaint "evidences that they did not allege that defendants unlawfully assessed penalties; instead, they factually stated that defendants were deducting monies from their benefits, in part, to recover penalties." I cannot agree with the majority's first premise, that plaintiffs neglected to allege that defendants improperly penalized them. The second count of their complaint says just that. Nor can I accept that alleging that a defendant took an action is the same thing as admitting that the action was proper.

A motion brought under MCR 2.116(C)(8) should be granted only "if the claim is so manifestly unenforceable as a matter of law that no factual progression could possibly support recovery." *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380; 563 NW2d 23 (1997). At least one key fact remains to be resolved in this case: were the overpayments the result of fraud? If so, the penalties were justly imposed, and the 50% rule did not apply. No court rule required plaintiffs to plead that they did not commit fraud; fraud is an affirmative defense, and the burden of pleading it rests with defendants. Nor is there any court rule or caselaw supporting the majority's claim that plaintiffs needed to plead in avoidance of MCL 421.62(b), and notably, the majority has cited none.

In footnote 2 of its opinion, the majority further mischaracterizes the nature of plaintiffs' claims, asserting that the complaint states only a "process" violation and not a substantive claim challenging the deductions. The majority reaches this conclusion by ignoring portions of the amended complaint I have included in this dissent. More troubling, however, is the majority's allegation that the "process" nature of the complaint is conclusively demonstrated by plaintiffs' statement in their complaint that "individualized determinations concerning the reasons for the benefit overpayment are not necessary to evaluate whether Defendants violated [the law]." When a court picks and chooses among allegations in a complaint, fully crediting some and utterly disregarding others, it violates MCR 2.116. Here is the entirety of the allegation from which the majority takes only a snippet:

27.     The number of claimants subjected to UIA's unlawful benefit deductions are estimated in the thousands. The number of class members is sufficiently numerous to make class action status the most practical method to secure redress of any injuries and achieve class-wide equitable relief.

28. Questions of law or fact common to the class members predominate over questions affecting only individual members. Individual questions do not predominate over common questions because: (1) Defendants took unemployment insurance benefits from otherwise eligible claimants to recoup previous benefit overpayments, interest and penalties; (2) these benefit deductions violate common provisions of state and federal law; and (3) individualized determinations concerning the reasons for the benefit overpayment are not necessary to evaluate whether Defendants violated these state and federal provisions.

These two paragraphs were intended to overcome the hurdles of class certification, not to concede that the UIA appropriately deducted the class members' benefits. Again: what would be point of the case if plaintiffs meant to concede that defendants followed the law?

Ultimately, "an omission is not an admission." *Esmail v Macrane*, 53 F3d 176, 179 (CA 7, 1995). The majority holds that plaintiffs were required to anticipate and construct responses to as-yet unraised affirmative defenses. This is not the law. And if it were, plaintiffs would nevertheless be entitled to amend their complaint. See MCR 2.116(I)(5). I would hold that plaintiffs' complaint adequately states a claim that defendants violated MCL 421.62(a), and would remand for further proceedings on this ground as well.

/s/ Elizabeth L. Gleicher